1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES JEFFERSON KENNER,

                              Plaintiff,

        v.

WILLIAM  MILLER, *et al.*,

                              Defendants.

Case No. 3:13-cv-00706-MMD-VPC

ORDER REGARDING REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE
VALERIE P. COOKE

**I.    SUMMARY**

        Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 32) ("R&R") relating to Defendants' Motion for Summary Judgment (dkt. no. 22). Plaintiff filed an objection. (Dkt. no. 33). Defendants have not filed a response to Plaintiff's objection.

**II.    BACKGROUND**

        Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is housed at Northern Nevada Correctional Center. Proceeding *pro se*, Plaintiff alleges that Defendants violated his constitutional rights through actions detailed in his Complaint (dkt. no. 4), and the R&R's factual background (dkt. no. 32 at 1-2) which the Court adopts.

        After screening of the complaint pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on two claims of violation of his due process rights (counts

I and II) and one claim of deliberate indifference to his medical needs (count III). (Dkt. no. 3.) Defendants subsequently moved for summary judgment on all three counts. (Dkt. no. 22.) The Magistrate Judge recommends granting summary judgment in favor of Defendants. (Dkt. no. 32.)

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).  In light of Plaintiff's  objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's recommendations.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Nw. Motorcycle Ass'n*, 18 F.3d at 1472. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (citation and internal quotation marks omitted).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

The Court agrees with the Magistrate Judge's recommendation to grant summary judgment for Defendants on all three counts. With respect to count I, the Magistrate Judge found that Plaintiff was given some process — notice and a hearing — before he was ultimately permanently deprived of his personal property — a Sony Walkman — that was determined to be stolen. The Magistrate Judge also found that Plaintiff failed to demonstrate violation of his due process rights as alleged in counts I and II when he was placed in administrative segregation in connection with his unauthorized possession of the Sony Walkman on June 20, 2013, and later sentenced to administrative segregation for sixty days. The Magistrate Judge correctly found that Plaintiff lacked a liberty interest in avoiding disciplinary segregation. In his objection, Plaintiff reiterates his argument that he was not given notice in that a "notice of charge" was never filed before he was deprived of his personal property and he was placed in solitary confinement without formal notice. The Magistrate Judge addressed these arguments in detail in the R&R. The Court agrees with the Magistrate Judge.

Plaintiff did not object to the Magistrate Judge's recommendation to grant summary judgment as to count III or to find that this count is frivolous. The Court has conducted a *de novo* review and adopts the Magistrate Judge's recommendation.

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 32) be accepted and adopted in full. Defendants' Motion for Summary Judgment (dkt. no. 22) is granted. It is ordered that count III be dismissed for frivolity under 28 U.S.C. § 1915(d).

It is further ordered that Plaintiff's motion for entry of default (dkt. no. 35) is denied as moot.

///

4

The Clerk is instructed to enter judgment in favor of Defendants and close this case.

DATED THIS 21st day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE